IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

NATALIA LESCHENKO WILSON,

      Petitioner,

v.                                                  Civil Action No. 3:14cv768

TAMMY BROWN, Warden of the Fluvanna
Correctional Center for Women,

      Respondent.

**MEMORANDUM OPINION**

      Petitioner Natalia Leschenko Wilson, a Virginia state inmate proceeding *pro se*, brings this petition for a writ of habeas corpus ("§ 2254 Petition") pursuant to 28 U.S.C. § 2254.[1]  (ECF No. 1.)  Brown filed a Motion to Dismiss (ECF No. 6) and Rule 5 Answer (ECF No. 7), raising, among other issues, Wilson's failure to file her § 2254 Petition within the statute of limitations pursuant to 28 U.S.C. § 2244(d)(1).[2]  Wilson failed to respond to the Motion to Dismiss. However, the Court ordered further briefing on whether Wilson filed her petition within the

---

[1] 28 U.S.C. § 2254(a) states in relevant part:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he [or she] is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

[2] 28 U.S.C. § 2244(d)(1) states, in pertinent part:  "**(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

statute of limitations (ECF No. 9), and both parties complied (ECF Nos. 13–14).[3] The matter is ripe for disposition. For the reasons that follow, the Court grants in part and denies in part Brown's Motion to Dismiss. (ECF No. 6.)

## I. Procedural History

On September 4, 2012, Wilson, represented by counsel, pled guilty to two counts of capital murder in the Circuit Court of Prince William County, Virginia ("Circuit Court"). *Commonwealth v. Wilson*, Nos. CR10000989-00, -990-00, -1031-00 to -1037-00 (Va. Cir. Ct. Sept. 4, 2012). On September 18, 2012, the Circuit Court sentenced Wilson to two concurrent terms of life imprisonment. *Commonwealth v. Wilson*, Nos. CR10000989-00, -990-00, -1031-00 to -1037-00 (Va. Cir. Ct. Sept. 18, 2012). Wilson sought no direct appeal of her conviction or her sentence from the Virginia Court of Appeals, the Supreme Court of Virginia, or the Supreme Court of the United States. Wilson did not file a habeas petition with the Circuit Court. Instead, she filed a habeas petition with the Supreme Court of Virginia, raising some of the same claims as those in the instant Petition. Corr. Petition for Writ of Habeas Corpus ("State Pet.") at 1–2, *Wilson v. Baskerville*, No. 131631 (Va. filed Nov. 21, 2013). On July 31, 2014, the Virginia Supreme Court granted the respondent's motion to dismiss and dismissed Wilson's petition on the merits. *Wilson v. Baskerville*, No. 131631, at 5 (Va. July 31, 2014). On Friday, November 7, 2014, the Supreme Court of Virginia denied Wilson's petition for rehearing. (Pet. Writ of Habeas Corpus ("§ 2254 Pet.") 3, ECF No. 1.)

---

[3] In Wilson's supplemental brief, she suggests that Brown's Motion and Answer were untimely filed. (Counsel's Aff. Def.'s Habeas Filing State Ct. ("Wilson Supp'l Br.") 1, ECF No. 14.) On December 29, 2015, the Court issued its Order directing the Clerk of the Court to serve Brown and ordering Brown to file her responsive pleadings within 30 days of *receipt* of the Order. (Dec. 29, 2014 O. 1, ECF No. 5.) On February 4, 2015, 35 days following the entry of the Order, Brown filed her responsive pleadings. (ECF Nos. 6–8.) Nothing in the record suggests that Brown failed to comply with the Court's December 29, 2014 Order.

On Monday, November 10, 2014, Wilson, by counsel, filed her § 2254 Petition in this

Court. (§ 2254 Pet. 1.) Wilson raises six grounds for relief:

I.      "The state court committed an error of Constitutional magnitude when it refused to exclude Ms. Wilson's confession on the ground that it was the product of an unreasonable seizure in violation of the Fourth Amendment.[4]" (§ 2254 Pet. 10.)

II.     "The Circuit Court of Prince William County erred in not excluding Ms. Wilson's confession as the product of the Commonwealth's violation of her Fifth Amendment[5] right against self-incrimination." (§ 2254 Pet. 17.)

III.    "Ms. Wilson was prejudiced by the ineffective assistance of her trial attorneys that prevailed on her to plead guilty and receive a sentence of life imprisonment, opting out of going to trail [sic] for the adjudication of guilt or innocence." (§ 2254 Pet. 30.)

IV.     Wilson's "constitutional protections against double jeopardy were violated by the state court's decision." (§ 2254 Pet. 35.)

V.      Wilson's "guilty plea was not knowing, intelligent, or voluntary." (§ 2254 Pet. 36.)

VI.     The "Supreme Court of Virginia manifestly misapplied the law and unreasonably determined facts." (§ 2254 Pet. 42.)

      A.      "In rendering its decision, the Virginia Supreme Court impermissibly considered evidence that was not presented to the trial court and whose authenticity was subject to a legal challenge." (§ 2254 Pet. 42.)

      B.      "The Virginia Supreme Court erred in finding petitioner's arguments that her confession was obtained in violation of the fourth and fifth amendments to the United States constitution to be barred by *Peyton v. King*." (§ 2254 Pet. 44.)

---

[4] The Fourth Amendment states in full:

The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV.

[5] "No person shall be . . . deprived of life, liberty, or property, without due process of law . . . ." U.S. Const. amend. V.

C.    "The conclusion of the Virginia Supreme Court that petitioner was not unduly prejudiced by trial counsel's ineffective assistance was erroneous." (§ 2254 Pet. 46.)

D.    "The Virginia Supreme Court erred in finding that petitioner's double jeopardy claim was non-reviewable because it was a non-jurisdictional issue that had not been raised at trial and on direct appeal." (§ 2254 Pet. 49.)

## II.  Statute of Limitations

This Court cannot dismiss Wilson's claims for failure to file within the applicable statute of limitations.  Pursuant to 28 U.S.C. § 2244(d)(1)(A), Wilson's judgment became final on Thursday, October 18, 2012, the last day to file an appeal with the Court of Appeals of Virginia. *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing § 2244(d)(1)(A))); Va. Sup. Ct. R. 5A:6(a) ("No appeal shall be allowed unless, within 30 days after entry of final judgment . . . counsel files with the clerk of the trial court a notice of appeal, and at the same time mails or delivers a copy of such notice to all opposing counsel.").  Thus, under § 2244(d)(1)(A), Wilson had one year, or until Friday, October 18, 2013 to file a federal habeas corpus petition challenging her conviction or sentence, unless statutory or equitable tolling applied.

"[Brown] bears the burden of establishing that the statute of limitations bars [Wilson's] Petition." *Bethea v. Dir., Dep't of Corr.*, No. 3:09cv770, 2010 WL 4702366 (E.D. Va. Nov. 12, 2010) (citations omitted).  Despite further briefing by both parties, the Court lacks a definitive record as to whether Wilson properly filed her petition in the Supreme Court of Virginia to toll statutorily the federal statute of limitations pursuant to 28 U.S.C. § 2244(d)(2).  Brown thus fails to meet her burden of establishing that the statute of limitations bars Wilson's § 2254 Petition.

4

This record demonstrates that Wilson's counsel attempted to file the petition on Friday, October 18, 2013, but counsel contends that the Virginia Supreme Court closed earlier than expected that day. When in-person filing proved unsuccessful, Wilson's counsel mailed the petition on October 18 to the Supreme Court of Virginia via priority mail, and the Court physically received the petition on Monday, October 21, 2013. *See* Va. Sup. Ct. R. 5:5(c) ("Any document required to be filed with the clerk of this Court shall be deemed to be timely filed if (1) it is transmitted expense pre-paid to the clerk of this Court by priority . . . mail via the United States Postal Service . . . ."). The petition mailed on October 18, 2013 was apparently inadequate in various respects. (*See* Resp. Supp'l Br. Ex. D). The Virginia Supreme Court's order dismissing Wilson's state habeas petition references her corrected petition filed on November 21, 2013. *Wilson*, No. 131631, at 1.

However, the Supreme Court of Virginia's case information website indicates that Wilson's petition was filed October 21, 2013. (Resp. Supp'l Br. Ex. C.) Wilson avers that although the Virginia Supreme Court physically received her petition on Monday, October 21, 2013, the Chief Deputy Clerk assured her counsel that, because counsel mailed the petition on October 18, 2013, Wilson's petition would have been considered filed as of the earlier date. Brown argues that Wilson filed her state petition on October 21, 2013. Brown did not address whether any statutory or equitable tolling would be available to Wilson. Brown also summarily argues that Virginia Supreme Court Rule 5:5 does not apply in this instance. *But see* Va. Sup. Ct. R. 5:5(c).

Although some circumstances remain ambiguous, it appears that Wilson's state petition might have been deemed filed as of October 18, 2013 because the record could support a finding that she mailed the petition on that date to the Supreme Court of Virginia. *See* Va. Sup. Ct.

5

R. 5:5(c). While the petition filed on October 18, 2013 exhibited deficiencies, nothing before

this Court demonstrates that the Supreme Court of Virginia rejected the petition as improper.

Indeed, the Virginia Supreme Court rejected Wilson's petition on the merits without addressing

timeliness. Accordingly, based on the indeterminate record presented, Brown fails to meet her

burden of proof, and the Court denies the Motion to Dismiss for untimeliness.

### III.  Analysis of the Motion to Dismiss

#### A.     Exhaustion and Procedural Default

State exhaustion "is rooted in considerations of federal-state comity" and in

Congressional determination via federal habeas laws "that exhaustion of adequate state remedies

will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D.

Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n.10 (1973)). The purpose of

the exhaustion requirement is "to give the State an initial opportunity to pass upon and correct

alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971)

(citation omitted). Exhaustion has two aspects. First, a petitioner must utilize all available state

remedies before he or she can apply for federal habeas relief. *See O'Sullivan v. Boerckel*, 526

U.S. 838, 844-48 (1999). As to whether a petitioner has used all available state remedies, the

statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies

available in the courts of the State . . . if he [or she] has the right under the law of the State to

raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an

adequate "opportunity" to address the constitutional claims advanced on federal habeas.

*Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)).

"To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his [or

her] claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.* (quoting *Duncan*, 513 U.S. at 365-66). Fair presentation demands that a petitioner must present "'both the operative facts and the controlling legal principles' associated with each claim" to the state courts. *Longworth v. Ozmint*, 377 F.3d 437, 448 (4th Cir. 2004) (quoting *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000)). The burden of proving that a claim has been exhausted in accordance with a "state's chosen procedural scheme" lies with the petitioner. *Mallory v. Smith*, 27 F.3d 991, 994–95 (4th Cir. 1994).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). This doctrine provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his [or her] federal habeas claim." *Id.* (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A federal habeas petitioner also procedurally defaults claims when he or she "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (quoting *Coleman*, 501 U.S. at 735 n.1). The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citations omitted). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

### 1. **Claim V Is Not Exhausted and Is Procedurally Defaulted**

The Court cannot address the merits of Wilson's Claim V, that her guilty plea was not knowing, intelligent, or voluntary, because it is not exhausted and is procedurally defaulted. In her state habeas proceedings, Wilson raised this claim for the first time in her response to the respondent's motion to dismiss. *Wilson*, No. 131631, at 4. The Supreme Court of Virginia refused to consider this claim because Wilson failed to comply with Va. Code § 8.01-654(B)(2), which requires that a petition for a writ of habeas corpus "contain all allegations the facts of which are known to petitioner at the time of filing." *Wilson*, No. 131631, at 4–5 (citing Va. Code § 8.01-654(B)(2)).

Wilson did not exhaust the claim that her guilty pleas were involuntary because she did not "fairly apprise[ ]" the Virginia Supreme Court of this claim. *Mallory*, 27 F.3d at 994. First, Wilson plainly did not present this claim in her state habeas petition. *Wilson*, No. 131631, at 4–5; *see* State Pet. i–iv, *Wilson*, No. 131631 (outlining Wilson's claims without listing the claim of an involuntary guilty plea). Second, she introduced this issue only in her response to the Commonwealth's motion to dismiss her state habeas petition. *Id.* at 4; *see* Reply Mot. Dismiss Habeas Corpus Pet. 1–11, *Wilson v. Baskerville*, No. 131631 (Va. filed Mar. 17, 2014). Finally, Wilson did not seek leave to amend her state habeas petition to add a claim that her guilty pleas were involuntary. *Wilson*, No. 131631, at 5.

Exhaustion cannot be satisfied by mere "notice." *Mallory*, 27 F.3d at 995–96. The United States Court of Appeals for the Fourth Circuit does not require Virginia courts to "wind their way through . . . arguably presented claims . . . that were never specified as grounds for relief [in the habeas petition]." *Mallory*, 27 F.3d at 995. Wilson fails to demonstrate that, under Virginia's "chosen procedural scheme," presenting a new claim in her reply brief "constitutes a

8

proper method for raising a federal constitutional claim on state habeas." *Reyes v. Kelly*, No. 3:09cv23, 2011 WL 5149975, at *3 (E.D. Va. Sept. 20, 2011) (refusing to review a claim raised for the first time in a reply to a motion to dismiss in the state habeas proceeding) (citing *Mallory*, 27 F.3d at 995); *see Green v. Dir., Va. Dep't Corr.*, No. 7:11cv146, 2011 WL 2947047, at *6 n.* (W.D. Va. July 19, 2011) (same). Wilson did not adhere to the "state's chosen procedural scheme" by following § 8.01-654(B)(2) or by seeking leave to amend the petition to add an involuntary guilty plea claim. *Mallory*, 27 F.3d at 995. Accordingly, Wilson failed to exhaust this claim.

If Wilson were to attempt to return to the Supreme Court of Virginia now and present Claim V, that court would find the claim barred by § 8.01-654(B)(2) for the reasons it articulated in its July 31, 2014 order, *Wilson*, No. 131631, at 5, and because that Virginia Code section also bars successive petitions. Va. Code § 8.01-654(B)(2) ("No writ shall be granted on the basis of any allegation the facts of which petitioner had knowledge at the time of filing any previous petition."); *see Breard*, 134 F.3d at 619–20. Section 8.01-654(B)(2) constitutes an independent and adequate state procedural rule. *See George v. Angelone*, 100 F.3d 353, 363–64 (4th Cir. 1996). Accordingly, Claim V is not exhausted and is procedurally defaulted.

Because Claim V is procedurally defaulted, the Court cannot review the merits of Claim V without a showing of cause and prejudice or a fundamental miscarriage of justice. *Harris*, 489 U.S. at 262. Wilson bears the burden to make this showing. *Id.* Wilson presents no facts showing cause why her habeas counsel failed to allege that her guilty plea was involuntary in her original state habeas petition. She also does not allege that any fundamental miscarriage of justice would result from the procedural default of Claim V. Accordingly, she has not met her

burden to show that this Court can review the merits of Claim V. The Court grants Brown's

Motion to Dismiss Claim V.

2.     **Claim IV Is Procedurally Defaulted**

The Court cannot consider the merits of Wilson's Claim IV, that her convictions and

sentences violate her right against double jeopardy, because it is procedurally defaulted. The

Supreme Court of Virginia dismissed Wilson's Claim IV pursuant to *Slayton v. Parrigan*, 205

S.E.2d 680, 682 (Va. 1974), because Wilson could have, but failed, to raise these claims at trial

and on direct appeal. *Wilson*, No. 131631, at 4. The Fourth Circuit routinely finds that *Slayton*

constitutes an independent and adequate state procedural rule.[6]  *Burket v. Angelone*, 208 F.3d

172, 189 (4th Cir. 2000); *Wright v. Angelone*, 151 F.3d 151, 159–60 (4th Cir. 1998).

---

[6] Wilson incorrectly argues that the court in *Jones* held that *Slayton* does not provide an independent and adequate state procedural rule as applied in all double jeopardy cases. In *Jones*, the petitioner raised an "atypical constitutional claim" of a double jeopardy violation under the "incidental detention doctrine." *Jones*, 591 F.3d at 710 (applying the "incidental detention doctrine" when "a defendant is 'accused of abduction by detention and another crime involving restraint of the victim, both growing out of a continuing course of conduct'") (citation omitted). The petitioner in *Jones* had not explicitly presented the double jeopardy claim on direct appeal, and the Supreme Court of Virginia held that *Slayton* barred the claim in the state habeas proceedings. *Id.* at 711.

However, in his direct appeal, Jones had cited to cases deciding claims under the "incidental detention doctrine." *Id.* at 713–14. The Fourth Circuit noted that the Supreme Court of Virginia "has indulged a more lenient pleading standard where the alleged error pertains to the incidental detention doctrine." *Id.* at 716. Because Jones had fairly presented his double jeopardy claim on direct appeal, and because the claim relied on the more lenient requirements of the "incidental detention doctrine," the Fourth Circuit held that the Commonwealth had not met its burden to show that *Slayton* was an "independent and adequate state procedural rule" barring petitioner's "atypical" double jeopardy claim. *Id.* at 710, 716–17.

The circumstances in *Jones* are not factually or procedurally analogous to Wilson's case. *Id.* at 716. Wilson's case is factually distinct from *Jones* because her crimes did not involve any abduction by detention. Procedurally, unlike the petitioner in *Jones*, Wilson did not raise her double jeopardy claim in any manner at trial or on direct appeal. Further, she does not rely upon the "incidental detention doctrine" that would allow for more lenient pleading.

Courts consistently hold that, in circumstances procedurally analogous to Wilson's case, *Slayton* constitutes an independent and adequate state procedural rule. *See, e.g., Bethea v. Dir., Dep't of Corr.*, No. 3:09cv613, 2011 WL 497896, at *4 (E.D. Va. Feb. 7, 2011) (holding that

10

Because Claim IV is procedurally defaulted, the Court cannot review the merits of

Claim IV without a showing of cause and prejudice or a fundamental miscarriage of justice.

*Harris*, 489 U.S. at 262. Wilson bears the burden to make this showing. *Mallory*, 27 F.3d

at 994–95. Wilson does not present any facts showing cause for her counsel's failure to allege at

trial or on direct appeal that her rights against double jeopardy were violated. She also raises no

claim that the default of Claim IV would constitute a fundamental miscarriage of justice.

Accordingly, she has not met her burden to show that this Court can review the merits of

Claim IV. The Court grants Brown's Motion to Dismiss Claim IV.

### B. Brown Fails to Adequately Address Claims I, II, and III

Brown fails to adequately address Wilson's Claims I, II, and III. Wilson's Claims I and

II, like Claims I and II in her state habeas petition, argue that the trial court violated Wilson's

constitutional rights under the Fourth and Fifth Amendments when it refused to exclude

Wilson's confession. (*See generally* § 2254 Pet. 10–30.) The Supreme Court of Virginia applied

the rule set forth in *Peyton v. King*, 169 S.E.2d 569 (Va. 1969), refusing to consider Wilson's

Claims I and II on habeas review because it found that she waived all non-jurisdictional defenses

occurring prior to her guilty plea. *Wilson*, No. 131631, at 1–2. Wilson's Claim III, also similar

to her third claim in the state habeas petition, asserts that Wilson's trial counsel provided

ineffective assistance in various ways, including pressuring her to plead guilty. (*See generally*

§ 2254 Pet. at 30–35.) The Virginia Supreme Court, citing *Anderson v. Warden of the Powhatan*

*Corr. Ctr.*, 281 S.E.2d 885 (Va. 1981), declined to consider Wilson's claims of ineffective

assistance of counsel because it found that her allegations did not offer a valid reason to abrogate

---

double jeopardy claim was procedurally defaulted pursuant to *Slayton* when petitioner, who pled
guilty, failed to raise claim at trial or on direct appeal); *Cudworth v. Dir., Dep't of Corr.*, No.
7:09cv373, 2010 WL 1030797, at *4 (W.D. Va. Mar. 15, 2010) (same); *Scott v. Wheeler*, No.
7:05cv57, 2005 WL 1388912, at *2 (W.D. Va. June 10, 2005) (same).

her representations at her guilty plea colloquy that her counsel was effective.[7] *Wilson*, No. 131631, at 2–4.

A guilty plea normally forecloses challenges to "antecedent constitutional deprivations." *Vines v. Johnson*, 569 F. Supp. 2d 579, 584–85 (E.D. Va. 2008) (citing *Tollett v. Henderson*, 411 U.S. 258, 266–67, 273 (1973); *Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1294 (4th Cir. 1992)). "[O]nce judgment on a plea is final, collateral inquiry for constitutional claims that occurred prior to its entry is generally limited to whether the plea itself was knowing and voluntary." *Id.*, 569 F. Supp. 2d at 585 (citing *Slavek*, 359 F. Supp. 2d at 481). However, a guilty plea does not preclude an ineffective assistance of counsel claim when the claim asserts that the plea was obtained as a result of the ineffective assistance.[8] *Id.*

Wilson's Claim III essentially contends that her trial counsel improperly coerced Wilson's guilty pleas by wrongfully advising her that she would be found guilty and receive the death penalty, despite what Wilson contends was legal and factual support otherwise. Wilson's Claims I and II address the constitutionality of actions the trial court took regarding a suppression motion addressed prior to the entry of her guilty plea. Therefore, the Court cannot resolve Claims I and II until it has addressed Claim III, specifically, whether Wilson's guilty plea was

---

[7] In the "merits" section of the Motion to Dismiss, Brown merely raises procedural bars to this Court's review of Wilson's Claims I, II, and III instead of addressing the substance of each. Brown bears the burden to show procedural default. *Jones*, 591 F.3d at 716. At this juncture, Brown fails to demonstrate that *Anderson* and *Peyton* constitute "adequate and independent state procedural rules" to procedurally default Wilson's Claims I, II, and III. *See Hamilton v. Dir. of VDOC*, No. 3:14cv636, 2015 WL 2206547, at *1–2 (E.D. Va. May 11, 2015) (citing *Davis v. Mitchell*, No. 3:09cv37, 2010 WL 1169956, at *5 (E.D. Va. Mar. 24, 2010); *Slavek*, 359 F. Supp. 2d at 490–91).

[8] In an ineffective assistance of counsel claim in the context of a guilty plea, the petitioner must demonstrate that (1) "his [or her] trial counsel's performance fell below an objective standard of reasonableness," and, (2) "there is a reasonable probability that, but for counsel's errors, he [or she] would not have pleaded guilty and would have insisted on going to trial." *Slavek*, 359 F. Supp. 2d at 491 (quoting *Burket*, 208 F.3d at 194).

involuntary due to the ineffective assistance of her trial counsel. *See id.* Brown fails to address this issue. The Court denies Brown's Motion to Dismiss Claims I, II, and III without prejudice. The Court will order further briefing on these three claims.

### C. Claim VI Does Not Constitute a Cognizable Basis for Federal Habeas Relief Because It Does Not Allege that Wilson Is in Custody in Violation of the Federal Constitution

Finally, the four parts of Claim VI fail to raise errors this Court can address during federal habeas review. In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he or she is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, "claims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal *habeas corpus* relief." *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) (citing cases); *accord Wright v. Angelone*, 151 F.3d 151, 159 (4th Cir. 1998). Such claims provide no basis for federal review because the habeas petitioner's detention results from the underlying state conviction, not the state collateral proceeding. *Lawrence v. Branker*, 517 F.3d 700, 717 (4th Cir. 2008) ("[E]ven where there is some error in state post-conviction proceedings, a petitioner is not entitled to federal habeas relief because the assignment of error relating to those post-conviction proceedings represents an attack on a proceeding collateral to detention and not to the detention itself." (citing *Bryant*, 848 F.2d at 493)).

The four parts of Wilson's sixth claim allege errors in the Supreme Court of Virginia's consideration of her state habeas petition. Wilson's detention results from her underlying state conviction, not the Virginia Supreme Court's review of her habeas petition. *Lawrence*, 517 F.3d at 717; *Bryant*, 848 F.2d at 493. Wilson's attempts in Claim VI, for instance, to challenge evidence reviewed by the Supreme Court of Virginia or findings made by that Court do not

13

contest her underlying state conviction. Therefore, any error in the Virginia Supreme Court's post-conviction proceeding provides no basis for federal review. *Id.* Accordingly, Claim VI fails to raise a cognizable basis for federal habeas corpus relief. *Wright*, 151 F.3d at 159. The Court dismisses Claim VI.

### IV. Conclusion

The Court grants in part and denies in part Brown's Motion to Dismiss. (ECF No. 6.) The Court dismisses Claims IV, V, and VI. The Court will order further briefing on Claims I, II, and III.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Richmond, Virginia
Date: 9-18-15

14